J-S21030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :                PENNSYLVANIA
                                              :

           v.                             :
                                              :
                                              :

DERRICK TEAGLE                   :
                                            :

           Appellant            :    No. 3171 EDA 2018

Appeal from the PCRA Order Entered October 3, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0116301-1994

BEFORE:  STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                 **FILED APRIL 26, 2019**

Derrick Teagle (Appellant) appeals *pro se* from the order dismissing as untimely his third petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Following careful review, we affirm.

The procedural history underlying this appeal has been summarized by this Court in a prior appeal:

> [Appellant] and his co-defendant, Anthony Washington, were tried on charges stemming from the robbery and killing of a security guard, Tracy Lawson, at a shopping center in the Kensington section of Philadelphia on January 23, 1993.  On October 11, 1994, a jury convicted [Appellant] of the following charges: murder of the second degree (18 Pa.C.S. §2502(b)); three counts of robbery, (18 Pa.C.S. §3701); two counts of simple assault, (18 Pa.C.S. §2701); possessing an instrument of crime (18 Pa.C.S. §907); and criminal conspiracy (18 Pa.C.S. §903). The trial court denied [Appellant]'s post-verdict motions.
>
> On December 9, 1994, the trial court sentenced [Appellant] to serve a term of imprisonment for life for the second[-]degree murder conviction, and three concurrent sentences of ten (10) to

twenty (20) years' imprisonment for the robbery convictions. No further sentence was imposed. This Court affirmed the judgment of sentence. ***See Commonwealth v. Teagle***, 686 A.2d 1368 (Pa. Super. 1996) (unpublished memorandum). [Appellant] did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania within thirty days of this Court's order. ***See*** Pa.R.A.P. 1113(a). Consequently, [Appellant]'s judgment of sentence became final on October 16, 1996, – thirty days after this Court affirmed his convictions. ***See*** 42 Pa.C.S. § 9545(b)(3).

[Appellant], acting *pro se*, filed his first petition for relief under the PCRA on August 24, 1998, stating that he was indigent and requesting appointment of counsel. The petition was dismissed as untimely on September 23, 1998, without a hearing, without the appointment of counsel as required by Pa.R.Crim.P. 1504 (now Rule 904), and without notice of the intent to dismiss the petition pursuant to Pa.R.Crim.P. 1507 (now Rule 907). [Appellant], *pro se*, filed an appeal.

This Court found that the first PCRA petition was untimely and that no exception to timeliness was satisfied. ***See Commonwealth v. Teagle***, 747 A.2d 421 (Pa. Super. 1999) (unpublished memorandum). However, we vacated the September 23, 1998 order and remanded the matter for a determination of whether [Appellant] was entitled to court-appointed first PCRA counsel. ***See id***. This Court further rested the decision to vacate and remand the order on the fact that [Appellant] had not been provided with notice of the intent to dismiss the petition in accordance with Pa.R.Crim.P. 1507. ***See id***.

***See Commonwealth v. Teagle***, 852 A.2d 1255, * 1-6 (Pa. Super. 2004)

(unpublished memorandum). Counsel was appointed on remand and filed a

***Turner/Finley***[1] letter and accompanying motion to withdraw as counsel;

following notice pursuant to Pa.R.Crim.P. 907, counsel was permitted to

withdraw and Appellant's petition was dismissed without a hearing. ***Id.***

Ultimately, no appeal was taken from the dismissal. ***Id.*** at 4-6. Instead,

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant filed a second *pro se* PCRA petition in February 2003. *Id.* at 6. After sending notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's second petition without a hearing, as it was untimely filed. *Id.* This Court affirmed the dismissal on appeal. *Id.* at 11.

Appellant filed the instant *pro se* PCRA petition, his third, on March 22, 2016. In the petition, Appellant contended that *Miller v. Alabama*, 132 S. Ct. 2455 (2012) (holding that sentences of mandatory life without parole for those under the age of eighteen at the time of their crimes violated the Eighth Amendment's prohibition on cruel and unusual punishments), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) (extending the relief offered by *Miller* retroactively to juvenile offenders on collateral review), entitled him to PCRA relief. *See* PCRA Petition, 3/22/16, at 3. Essentially, Appellant contended that due to his life circumstances and cognitive abilities, he was technically a juvenile eligible for the relief offered by *Miller* despite the fact that he was 25 years old when he committed murder. *Id.*

On August 20, 2018, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907, that his petition would be dismissed without a hearing because it was untimely and Appellant had not satisfied a time-bar exception. Appellant filed a *pro se* response to the court's notice. On October 3, 2018, the PCRA court formally dismissed Appellant's petition as untimely filed.

Appellant timely filed a notice of appeal. It does not appear that the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). *See*, *e.g.*, *In re Estate of*

- 3 -

***Boyle***, 77 A.3d 674, 676 (Pa. Super. 2013) (with regard to the preservation of Appellant's issues on appeal, it is the trial court's order that triggers an appellant's obligation under the rule).

On appeal, Appellant raises the following issue for our review:

> Did the [PCRA] court err by not applying the holding in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012) as a valid timeliness exception given that the scientific evidence supporting the ***Miller*** decision is present in the case sub judice?

Appellant's Brief at 6.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***See Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of Appellant's claims. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. ***Id***. There are three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).[2]

Appellant's petition is untimely. As previously noted by this Court, his judgment of sentence became final on October 16, 1996, thirty days after this Court affirmed his judgment of sentence and he failed to petition the Pennsylvania Supreme Court for review. *See* 42 Pa.C.S.A. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Accordingly, Appellant had

---

[2] Act 146 of 2018 amended 42 Pa.C.S.A. §9545(b)(2), effective December 2017, and now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. Previously, a petitioner had 60 days from when the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3. However, as Appellant's petition was filed in March 2016, this change does not impact Appellant or our analysis.

until October 1997 to timely file a PCRA petition. Appellant filed the instant petition in March 2016, over 18 years too late. Therefore, we are without jurisdiction to consider Appellant's appeal unless he has plead and proved one of the three timeliness exceptions. **See Bennett**, 930 A.2d at 1267.

Appellant attempts to invoke the constitutional right exception under Section 9545(b)(1)(iii) on the basis that the relief provided by **Miller** and made retroactive by **Montgomery** should extend to those 25 years old and under, because such offenders are still developmentally adolescents and possess the age-related characteristics of youth that must be considered prior to the imposition of a sentence of life without parole. **See** Appellant's Brief at 12-24. Additionally, because Appellant filed his petition within 60 days of the **Montgomery** ruling, he has ostensibly satisfied the requirements of Sections 9545(b)91)(iii) and (2).

This Court recently re-examined this issue *en banc* in **Commonwealth v. Lee**, --- A.3d ---, 2019 Pa. Super. 64 (Pa. Super. 2019) (*en banc*). In **Lee**, the defendant was 18 years and nine-months old when she was involved in a robbery that resulted in the death of the intended victim. **Id.** at * 1. Following the publication of **Montgomery**, Lee filed a PCRA petition arguing that she was a "virtual minor" at the time of the commission of her crime that that "the rationale underlying the **Miller** holding, including consideration of characteristics of youth and age-related facts identified as constitutionally significant by the **Miller** Court, provides support for extending the benefit of

***Miller*** to her case." ***Id.*** at \*2. Ultimately, this Court concluded that Lee had not satisfied a time bar exception, observing:

> It is not this Court's role to override the gatekeeping function of the PCRA time-bar and create jurisdiction where it does not exist. The PCRA's time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." ***Commonwealth v. Fahy***, [737 A.2d 214, 222 (Pa. Super.] 1999). The period for filing a PCRA petition "is not subject to the doctrine of equitable tolling." ***Id.***
>
> We recognize the vast expert research on this issue. If this matter were one of first impression and on direct appeal, we might expound differently. However, we are an error-correcting court. Until the United States Supreme Court or the Pennsylvania Supreme Court recognizes a new constitutional right in a non-juvenile offender, we are bound by precedent. We conclude, as we did in ***Commonwealth v. Montgomery*** [181 A.3d 359 (Pa. Super. 2018)], [***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016)], and [***Commonwealth v. Cintora***, 69 A.3d 759 (Pa. Super. 2013) *abrogation on other grounds recognized in* ***Furgess***, ***supra***, at 94], that age is the sole factor in determining whether ***Miller*** applies to overcome the PCRA time-bar and we decline to extend its categorical holding.

***Lee***, at \*8-9 (footnote omitted).

Accordingly, Appellant has failed to successfully plead or prove that he meets the new constitutional right exception to the timeliness requirements of the PCRA, 42 Pa.C.S.A. § 9545(b)(2)(iii), and the PCRA court did not err in dismissing his petition. ***See*** 42 Pa.C.S.A. § 9545(b); ***Bennett***, 930 A.2d at 1267; ***Ragan***, 923 A.2d at 1170; ***Lee***, --- A.3d --- at \* 8-9.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/26/19</u>